# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

RODERICK CAMPBELL                                                     PETITIONER

V.                                                                                NO. 4:13CV000152-DMB-JMV

SHELBY POLICE DEPARTMENT, ET AL.                         RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Roderick Campbell for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has moved to dismiss the petition. Campbell has not responded, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed for failure to state a claim upon which relief can be granted.

### Facts and Procedural Posture

At the time he filed his federal *habeas corpus* petition, Roderick Campbell was incarcerated in the Bolivar County Correctional Facility as a pretrial detainee. Campbell then posted bond and was released from custody on November 14, 2013. He was being held on charges of multiple counts of burglary and receiving stolen property based upon his arrest by Shelby County law enforcement. Campbell's case was turned over to the prosecutors by Shelby County law enforcement in October 2013. Campbell's case was scheduled to be presented to the grand jury in March 2014. Campbell has not indicated otherwise to the court.

Campbell has attached to his petition copies of paperwork from his arrest and initial appearance in court. For relief, Campbell "want[s] the courts to see how my rights have been violated. Also to see how I am be[ing] held on all these outrageous charges illegally. I want the courts to check into this matter on all right[e]ous cause."

## 28 U.S.C. § 2241 – Pretrial Detainees

As the petitioner has not been convicted, the court considers him a pretrial detainee and will treat the petition as one filed under 28 U.S.C. § 2241. In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973), the United States Supreme Court held that a pre-trial detainee has a right to seek federal *habeas corpus* relief. The *Braden* Court held, however, that "federal *habeas corpus* does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id*. at 489. In addition, a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. Further, there is "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir. 1976). Generally, there are two types of relief sought by a prisoner who seeks pretrial federal *habeas corpus* relief:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. ***While the former objective is normally not attainable through federal habeas corpus***, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Id.* (emphasis added). "In other words, a federal court may generally consider a *habeas corpus* petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Greer v. St. Tammany Parish Jail,* 693 F. Supp. 502, 508 (E.D. La. 1988).

## Two Interpretations of the Petition

Should the court construe the petitioner's arguments as an attempt to prevent the prosecution of his case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes," *Brown,* 530 F.2d at 1282-83; *Braden,* 410 U.S. at 489, and *habeas corpus* relief is not available. On the other hand, if he is attempting to resolve the charges against him, then he must first exhaust state court remedies, which he has not done.

## Seeking Dismissal of the State Prosecution

Based on the allegations of the petition, in which the petitioner seeks dismissal of the charges against him, the instant request for *habeas corpus* relief is not an available remedy. *Dickerson v. State of La.*, 816 F.2d 220, 227 (5th Cir. 1987) (citations omitted). The Fifth Circuit broached this "special circumstance" issue in *Dickerson* and declined to accept the petitioner's analysis that the Sixth Amendment right to a speedy trial was a *per se* "special circumstance." *Id*. The Court reasoned that "to do so would eliminate the careful distinction drawn by the court in *Braden* between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial." *Id*. In the present case, the petitioner has not identified "special circumstances" to warrant disruption of the state's judicial process. As such, to the extent that Campbell seeks dismissal of the charges against him, the instant petition should be dismissed with prejudice for failure to state a claim upon which *habeas corpus* relief may be granted.

## Exhaustion Requirement of 28 U.S.C. § 2241

In addition, petitioners seeking relief under 28 U.S.C. § 2241 must first exhaust available state remedies before seeking relief in federal court.

> Despite the absence of an exhaustion requirement in the statutory language of Section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the

> issues raised in the petition may be resolved either by trial on the merits in the state court or ***by other state procedures available to the petitioner***. *See, e.g., Braden,* 410 U.S. at 489-92; *Ex parte Royall,* 117 U.S. 241, 250-54 (1886); *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir. 1976). *See also Atkins v. Mich.,* 644 F.2d 543, 546 (6th Cir.), *cert. denied,* 452 U.S. 964 (1981); *Neville v. Cavanagh,* 611 F.2d 673, 675 (7th Cir. 1979), *cert. denied,* 446 U.S. 908 (1980); *Moore v. DeYoung,* 515 F.2d 437, 442 (3rd Cir. 1975).

*Dickerson v. State*, 816 F.2d 220, 225 (5th Cir. 1987) (emphasis added).

To the extent that Campbell seeks to force the State to go to trial, he has not filed a motion for a speedy trial in state court. Indeed, it does not appear that the petitioner has even raised this claim directly in the instant petition. In any event, Campbell has not provided the state courts with a fair opportunity to address any speedy trial claim; as such, he has not exhausted this claim.

In sum, the instant petition for a writ of *habeas corpus* will be dismissed for failure to state a claim upon which relief can be granted and for failure to exhaust. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this, the 27th day of May, 2014.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**